SMITH vs. YOUNG, ASSIGNEE OF BROOKING.

A summons issued by a justice of the peace required the defendant "to appear before one of the justices of the peace," &c., "at my office," &c., omitting the words "me" or "undersigned," held to be sufficient.

APPEAL from Jackson Circuit Court.

HAYDEN, *for Appellant.*

1. All the proceedings in the cause are erroneous from the beginning,. because the *original itself* was and is void in law, and that as the defendant made his objection to its validity upon the return day thereof, before the justice of the peace, and the same was overruled and *mentioned in the record of the justice,* as is specified in the statute, the defendant, though compelled by this *judicial error* to answer over to *the merits* of the action, now has the same right to insist upon the objection that he had in the beginning.

2. The court erred in refusing to grant a new trial, and also in not arresting the judgment. It is clear that there was a failure of consideration, if not to the full amount of the note sued on, it is so in part—and yet no dimiunution of the claim is allowed the defendant by the judgment of the court.

STRINGFELLOW, *for Appellee.*

1. The defendant, Smith, has cured the defect in the summons, if there be any, by going into trial. 3 Mo. R., 369; 5 Mo. R., 229.

2. The newly discovered evidence was immaterial.

3. The evidence clearly sustained the verdict.

NAPTON, J., *delivered the opinion of the Court.*

This was an action on a note for $125, given by Smith to Brooking and assigned to the plaintiff, Young. The suit was brought before Elijah Flournoy, a justice of the peace of Jackson county, and the summons directed the defendant to appear before "one of the justices of the peace," &c., "at my office." In other respects, the form of the summons did not vary from the one given in the statute. On the return day, the defendant appeared and moved to quash the writ—but the motion was overruled and a judgment rendered against the defendant. On appeal to the Circuit Court, the motion to quash was again made and overruled. The parties went into trial. It appeared that the consideration of the note was a claim or improvement upon public land; that about thirty or forty acres of this claim was covered by a prior pre-emption of one Vaughn, upon which were several thousand rails put up in a fence. It was proved, however, by Vaughn, who was introduced as a witness, that Smith was aware of Vaughn's claim at the time he purchased of Brooking, and that it was agreed between Smith and Vaughn that Smith should cultivate the portion of Vaughn's claim covered by Brooking's fence, until Vaughn wished to enter it, and that he (Smith) should have the rails. After the entry was made, Smith did haul off all the rails, by Vaughn's permission. The verdict was for the plaintiff. A motion was made for a new trial and overruled.

It appears that the summons omitted the word "me" or "the undersigned," and if there was nothing else in the writ from which the defendnot could know where and before what justice he was ordered to appear, there could be no doubt of its invalidity. But the defendant was summoned to appear "*at my office,*" and the summons is signed by the justice officially. The clerical omission of the words "the undersigned" is not therefore material, as the subsequent language of the writ was sufficient to apprise the defendant of the particular magistrate before whom he was ordered to appear.

Upon the merits, the verdict is unquestionably right. There was no failure of consideration, as the defendant was apprised of Vaughn's claim before he bought, and got all he expected to get when he purchased.— At all events, there is nothing to induce this Court to interfere with the verdict.

The other Judges concurring, the judgment is affirmed.